[Civ. No. 3555.  Second Appellate District, Division Two.—October 15, 1921.]

JOHN R. ALVES et al., Appellants, v. MANUEL ALVES, Respondent.

[1] TRUSTS—QUIETING TITLE—EVIDENCE—FINDINGS—APPEAL.—In this action in which the plaintiffs sought to enforce a trust against certain property held by defendant and in which the latter filed a cross-complaint demanding that his title to the property be quieted, the appellate court, from its reading of the parts of the evidence noticed by both sides, could not say that any single finding in the cause, which was decided in favor of defendant, failed of ample and substantial support.

APPEAL from a judgment of the Superior Court of Ventura County.  Merle J. Rogers, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Chauncey Gardner and Robert P. Rivera for Appellants.

Durley & Downes for Respondent.

WORKS, J.—This action represents a controversy between plaintiffs and defendant Manuel Alves, Soila Alves Carcarbur having been made a defendant because she refused to join as a plaintiff. Plaintiffs' pleading sought to enforce a trust against certain property held by defendant Alves and he filed a cross-complaint demanding that his title to the property be quieted. Defendant Alves had judgment under both his answer and his cross-complaint, and plaintiffs appeal.

In their opening brief appellants quote portions of the evidence and claim that it establishes certain ultimate facts, but they make no assertion that any of the findings is not supported by the evidence. They cite authorities to a few abstract propositions of law in another part of the brief, but make no contention that the points decided by the cases they submit have any bearing upon errors of law committed by the trial court, nor do they direct our attention to any such errors. In short, the opening brief of appellants is utterly pointless. Respondent Alves, after taking exception in his brief to the barren effort of appellants, is forbearing enough to assume that they intend to assail certain findings, and he points to parts of the evidence as yielding a support to those findings. In fact, he sets up a straw man for appellants, but only to destroy it, for he shows that the findings he mentions—and they are the ones covering the important issues in the cause—have an abundant support in the record. Appellants, in their closing brief, seek to repair their earlier omissions in the matter of the findings, but they do so by the mention of certain findings by number, without giving us an inkling as to what facts are found by them. Under these circumstances, we do not feel that it is incumbent on us to recite the evidence upholding the findings to which respondent has called our attention. **[1]** From our reading of the parts of the evidence noticed by both sides we are unable to say that any single finding in the cause fails of ample and substantial support.

As to the law of the case, there is none. In that matter the final brief of appellants does not better their opening brief, and respondent Alves does not come to their relief.

Notwithstanding the condition of their briefs, counsel for appellants seem to be in earnest in their effort to present the appeal. For that reason, and even if their zeal be both misguided and fruitless, we impose no fine for the prosecution of a frivolous appeal.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.