[Civ. No. 3454.  Second Appellate District, Division Two.—December
6, 1921.]

## MAUD E. JAYNES, Respondent, v. CHARLES C. WEICK-MAN et al., Appellants.

[1] TRADEMARKS—SIMILARITY OF NAMES—INJUNCTION.—A similarity
of such a character exists between the trade names "Active Trans-
fer Company" and "Action Transfer Company" as will justify the
issuance of an injunction restraining the use of the latter name.

[2] ID.—TRANSFER AND PARCEL DELIVERY COMPANY—RIGHT OF AP-
PROPRIATION OF WORD "ACTIVE."—The word "active" is subject to
appropriation as a trade name in connection with a transfer and
parcel delivery business.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. G. Reily for Appellants.

Collier & Labarere and Walter H. Sprague for Respond-
ent.

WORKS, J.—In this action the plaintiff, claiming to be
the owner of a business conducted under the names Active
Transfer Company and Active Parcel Delivery, sought to
enjoin the defendants from using in connection with a busi-
ness conducted by some of them the names Action Transfer
Company and Action Parcel Delivery. A decree went for
the plaintiff and the defendants appeal.

In great part, appellants' presentation of their appeal is
like that with which we had to deal in *Alves* v. *Alves,* 54
Cal. App. 563 [202 Pac. 157]. There is here a discussion
of several questions of fact without mention of a claim that
any finding of the trial court is not sustained by the evi-
dence. Several questions of law are presented without our

1. Similarity of name as constituting infringement of trademark
or trade name, notes, 47 Am. Dec. 284; Ann. Cas. 1915B, 327.

Protection of public as grounds for injunction against misuse of
trademark or trade name, note, L. R. A. 1916D, 119.

attention being called to alleged errors of the trial court to which the discussions may be applied. Appellants' presentation is different, however, from the effort of appellants in *Alves* v. *Alves* in that the brief here is not altogether pointless.

[1] There is a sufficient presentation of the question whether the words "Active" and "Action," as used by the parties respectively in connection with the other words above set forth, are so similar that the public will be deceived by appellants' use of one of them. In solving such a question it is necessary only that a court be satisfied from an inspection of trade names or legends used by the parties that the one used by the defendant is so similar to the one used by the plaintiff that a deception will be the natural and probable result (38 Cyc. 773–776; *Schmidt* v. *Brieg*, 100 Cal. 672 [22 L. R. A. 790, 35 Pac. 623]). It is manifest to us that such a similarity exists in the present instance. The legend Action Transfer Company could not escape being viewed by the public, or by some considerable part of it, as referring to the Active Transfer Company.

[2] Appellant also adequately presents the question whether the word "Active" is subject to appropriation as a trade name. It is, of course, true that there can be no property in words merely descriptive of an article or business, or of some quality pertaining to them. As instances of this rule it is doubtless true that one could not protect through injunctive process such trade names as Sweet Oranges or First Quality Cigarettes. We cannot say that the name Active Transfer Company is to be placed in the same category. The first word of that legend ordinarily would not be regarded as descriptive of a transfer company or of the business conducted by it. The designation is sufficiently fanciful, to our minds, to entitle respondent to use and to protect the use, as a trade name, of the phrase of which it is a part.

It is contended that the trial court committed error in two instances in the admission of evidence. If the correctness of the contention be granted, which we do not decide, the errors were harmless, after what we have said above as to our ability to determine by comparison of the names used by the parties that the use by appellants of the one

employed by them would naturally and probably lead to a deception of the public.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.